MEMORANDUM *
Various counties of the state of California (“the Counties”) brought this action against the Secretary of the Department of Health and Human Services (“the Secretary”) raising constitutional and statutory claims in connection with reimbursement under Medicare. The Counties’ constitutional claims asserted that Secretary’s failure to revise the “fee schedule areas” that determine the fees paid to the Counties for providing Medicare services violated the Counties’ equal protection and due process rights, and that 42 U.S.C. § 1395w-4(l)(2) (the “Fee Schedule” statute) and the regulation implementing this statute, 42 C.F.R. § 414.4, are unconstitutional as applied to the Counties because they deprived them of property and equal protection. The Counties’ statutory claims asserted that the Secretary’s failure to revise the fee schedule areas violated various provisions of the Administrative Procedure Act and the Medicare Act.
The district court dismissed the Counties’ constitutional claims on the ground that the Counties did not qualify as persons under the Fifth Amendment, and thus lacked standing. The court dismissed the Counties’ statutory claims on the ground that they are barred by statute. We affirm the district court’s dismissal of the Counties’ statutory and due process claims, and remand the Equal Protection claims.
We affirm the district court’s dismissal of the Counties’ statutory claims. The Medicare statute bars judicial review of the “establishment of geographic adjustment factors under subsection (e).” 42 U.S.C. § 1395w-4(i)(l)(d). The challenge to the Fee Schedule necessarily involves a challenge to the geographic adjustment factors. The district court appropriately concluded that it lacked jurisdiction over *176 the statutory claims related to the fee schedule areas.
We also affirm the district court’s dismissal of the Counties’ due process claims. We conclude that, at least for purposes of the claim before us, the counties are persons. Nonetheless, the Counties’ due process claims fail because the Counties do not have a property right to any particular payment by Medicare. See Erickson v. U.S. ex rel. Dept. of Health and Human Services, 67 F.3d 858, 862 (9th Cir.1995).
Finally, we remand the Counties’ Equal Protection claims. Because we conclude, at least for purposes of this claim, that the Counties are persons, we move to considering whether the Secretary’s decision not to revise the fee schedule areas is supported by a rational basis. The district court did not reach this issue. In response to our request for supplemental briefing on rational basis, the Secretary relied on the rationality of the 1996 revision of the fee schedule, while the Counties pointed to demographic changes that made the 1996 schedule irrational. We cannot decide this issue on the complaint and the briefs alone. Accordingly, we remand the Equal Protection claims to the district court for further proceedings.
For the forgoing reasons, the judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.
REINHARDT, Circuit Judge,

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.